<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 93-1327 (DRD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ALLIANCE SHIPPERS, INC., | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

RONALD HOROWITZ, ESQ.
2561 Moody Blvd., Suite D
Flagler Beach, FL 32136
    *Attorney for Third Party Plaintiff/Movant*

JOHN DECINA
889 Gregory Drive
Brick, NJ  08723
    *Third Party Defendant, Pro Se*

GARY ALAN FELDMAN
122 Apley Drive
Cherry Hill, NJ  08003
    *Third Party Defendant, Pro Se*

**Debevoise, Senior U.S. District Judge**

On February 14, 1996, this Court entered a judgment in favor of Third Party Plaintiff Alliance Shippers, Inc., in the sum of $120,000 against Third Party Defendants John Decina and Gary Feldman.  On August 25, 1998, a partial satisfaction of judgment in the sum of $4,100 and release of lien from certain real property as to John Decina was entered.  Presently before the Court

is the motion of Alliance Shippers, Inc., to renew and revive the judgment for an additional 20 years. For the reasons set forth below, the motion will be denied without prejudice.

## BACKGROUND

After a bench trial, on February 14, 1996, this Court entered a judgment in the sum of $120,000 in favor of Third Party Plaintiff Alliance Shippers, Inc., against Third Party Defendants John Decina and Gary Feldman. (ECF No. 66.) On August 25, 1998, the Court entered a partial satisfaction of judgment in the sum of $4,100 and release of lean from certain real property as to John Decina. (ECF No. 68.) On March 5, 2015, Alliance Shippers, Inc., filed the present motion for an order renewing and reviving the judgment, accompanied by a certification of counsel and a letter memorandum. (ECF No. 70.) Relying on 28 U.S.C. § 1962 and N.J. Stat. Ann. § 2A:18-44, Alliance Shippers asks this Court to revive and renew the judgment on the grounds that the 20-year limitations period for reviving the judgment has not expired, good cause exists for reviving and renewing the judgment at issue, and the judgment debtors - John Decina and Gary Feldman - have been given notice of the motion to renew and revive the judgment.

## DISCUSSION

A judgment in this Court is accorded the same status as a judgment in the New Jersey state courts. See 28 U.S.C. § 1962 ("Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time."); see also Hurley v. Atlantic City Police Dept., 944 F.Supp. 371, 373 (D.N.J. 1996); Trend Mills v. Socher, 4 B.R. 465, 468 (D.N.J. 1980).

New Jersey law provides that execution on a judgment may issue, without a revival of the judgment, at any time within 20 years after its entry. See N.J. Stat. Ann. § 2A:17-3. Under N.J.

Stat. Ann. § 2A:14-5, "[a] judgment in any court of record in this state may be revived by proper proceedings . . . within 20 years next after the date thereof, but not thereafter." N.J. Stat. Ann. § 2A:14-5.[1]  Accordingly, "although a judgment holder cannot enforce a judgment that has expired by operation of the statute of limitations, it can revive or extend the judgment for an additional twenty years if it files a proper application within twenty years of its entry."  Adamar of New Jersey, Inc., v. Mason, 399 N.J. Super. 63 67 (App. Div. 2008).  A creditor may obtain an order reviving a judgment by filing a motion in the original proceeding, provided the debtor is properly served and the creditor establishes the following elements:  "(1) the judgment is valid and subsisting; (2) it remains unpaid in full, or, if in part, the unpaid balance; and (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like."  Kronstadt v. Kronstadt, 238 N.J. Super. 614, 618 (App. Div. 1990); see also Adamar of New Jersey, Inc., 399 N.J. Super. at 69.

In this case, although Alliance Shippers filed the motion to revive before the 20-year limitations period expired, Alliance Shippers has not established the elements required by New Jersey law to revive the judgment:  Alliance Shippers has not proved what the unpaid balance is, accounted for the partial satisfaction and the release with respect to Decina's property, or shown that there is no outstanding impediment to judicial enforcement.  As noted above, this Court's docket reflects that on August 25, 1998, the lien was released from certain real property as to John Decina and that the judgment was partially satisfied in the sum of $4,100, but Alliance Shippers has not accounted for the partial satisfaction and the release and seeks to revive the $120,000 judgment without exception.  Moreover, Alliance Shippers has not provided any information

---

[1] The running of the 20-year period of limitations commences with the entry of the judgment. See Giordano v. Wolcott, 46 N.J. Super. 278, 282 (App. Div. 1957), certif. denied, 27 N.J. 399 (1958).

3

concerning the absence of a bankruptcy proceeding by Decina and Feldman, the absence of an outstanding injunctive order, and the absence of any other impediment to judicial enforcement with respect to these debtors.  This Court will deny the motion without prejudice because Alliance Shippers has not established the elements required to revive a judgment under New Jersey law.

## CONCLUSION

This Court will deny the motion to revive the judgment without prejudice and the Court will enter an appropriate order.


   s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:  April 16, 2015