<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 93-1327 (DRD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ALLIANCE SHIPPERS, INC., | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

RONALD HOROWITZ, ESQ.
2561 Moody Blvd., Suite D
Flagler Beach, FL 32136
    *Attorney for Third Party Plaintiff, Alliance Shippers, Inc.*

JOHN DECINA
889 Gregory Drive
Brick, NJ  08723
    *Third Party Defendant Pro Se*

JOSEPH PETER HOWARD, ESQ.
1101 Kings Highway N., Suite 402
Cherry Hill, NJ  08034
    *Attorney for Third Party Defendant, Gary A. Feldman*

**Debevoise, Senior U.S. District Judge**

On February 14, 1996, this Court entered a judgment in favor of Third Party Plaintiff Alliance Shippers, Inc., in the sum of $80,000 against John Decina, Gary Feldman, Resource Management, Inc., and Environmental Transport, jointly and severally, together with punitive damages in the amount of $40,000 against John Decina and punitive damages in the amount of $40,000 against Gary Feldman.  On August 25, 1998, a partial satisfaction of judgment in the sum

of $4,100 and release of lien from certain real property was entered as to John Decina. On March 5, 2015, Alliance Shippers filed a motion to renew and revive the judgment for an additional 20 years. By Order and accompanying Opinion entered on April 17, 2015, this Court denied the motion without prejudice.

Presently before the Court are two motions filed by Alliance Shippers: a second motion to renew and revive the judgment in favor of Alliance Shippers in the sum of $120,000 against John Decina and Gary Feldman and a motion to enforce litigants rights seeking an order compelling Gary Feldman to immediately furnish the answers required by an information subpoena or be held in contempt of Court. For the reasons set forth below, the Court will deny both motions.

## BACKGROUND

After a bench trial, on February 14, 1996, this Court entered a judgment in favor of Alliance Shippers, Inc., in the sum of $80,000 against John Decina, Gary Feldman, Resource Management, Inc., and Environmental Transport, jointly and severally, together with punitive damages in the amount of $40,000 against John Decina and punitive damages in the amount of $40,000 against Gary Feldman. (ECF Nos. 66, 74-3 at 2-3.) On August 25, 1998, the Court entered a partial satisfaction of judgment in the sum of $4,100 and release of lean from certain real property as to John Decina. (ECF No. 68.)

On March 5, 2015, Alliance Shippers filed its first motion for an order renewing and reviving the judgment, accompanied by a certification of counsel and a letter memorandum. (ECF No. 70.) Relying on 28 U.S.C. § 1962 and N.J. Stat. Ann. § 2A:18-44, Alliance Shippers asked this Court to revive and renew the judgment in the sum of $120,000 on the grounds that the 20-year limitations period for reviving the judgment had not expired, good cause existed for reviving and renewing the judgment at issue, and the judgment debtors - John Decina and Gary Feldman -

2

had notice of the motion to renew and revive the judgment. By Order and Opinion entered on April 17, 2015, this Court denied the motion without prejudice because Alliance Shippers had not proved the unpaid balance, accounted for the partial satisfaction and the release with respect to Decina's property, or shown that there was no outstanding impediment to judicial enforcement, as required by New Jersey law. (ECF Nos. 72, 73.)

On May 4, 2015, Alliance Shippers filed the present motion to revive the judgment in the sum of $120,000 against Decina and Feldman. In counsel's certification supporting the motion counsel states that on August 25, 1998, a partial satisfaction of judgment was entered in the sum of $4,100 and a release of the lien from certain unidentified property was entered as to Decina. Counsel avers that on March 31, 2015, Alliance Shippers and John Decina executed a stipulation of settlement. The stipulation of settlement, which is attached to counsel's certification, states that on February 14, 1996, Alliance Shippers obtained a judgment against John Decina in the principal sum of $120,000; "the parties have agreed on certain terms and conditions to satisfy the said judgment;" and, "for good and valuable consideration, hereby exchanged, the parties agree to settle the judgment for $100,000," provided Decina paid $75,000 on or before March 30, 2015, and $25,000 by September 10, 2015. (ECF No. 75-3 at 9.) The stipulation further states: Alliance Shippers will release its judgment lien from Decina's principal residence located in New Jersey, provided Decina makes the second payment; Decina consents to Alliance domesticating and recording the judgment in the appropriate court in Florida, such that the judgment will act as a judgment lien on Decina's property in Florida; Decina will not challenge the Florida judgment lien; and, in the event Decina fails to pay the $100,000 in accordance with the terms of the settlement, Alliance Shippers "can resume execution proceedings in New Jersey on the entire judgment less payments made[.]" Id. at 10. Counsel for Alliance Shippers avers that Decina paid

3

$75,000 on or about April 2, 2015, and that, if Decina fails to make the final $25,000 payment, then the balance due on the judgment against Decina will be $101,369.26, inclusive of interest.

Alliance Shippers also filed a motion to enforce litigant's rights seeking an order compelling Gary Feldman to furnish answers to questions attached to an information subpoena and to hold him in contempt if he fails to do so.  Counsel for Alliance Shippers avers that on April 6. 2015, he served Feldman by email addressed to Feldman's attorney an information subpoena with attached questions.[1]  Alliance Shippers' counsel states that counsel for Feldman sent a responding email stating that on April 24, 2015, Feldman received "a dismissal notice from the court [and, b]ased on the court notice, we are not going to respond."  (ECF No. 74-3 at 13.)  Counsel for Alliance Shippers states that, as of April 30, 2015, he had not received the answers to the questions attached to the information subpoena.

Feldman filed opposition to the motion to revive the judgment.  (ECF No. 76.)  Feldman primarily argues that, since $80,000 of the judgment was a joint and several award against two companies and two persons, Feldman should receive some credit against the joint and several portion of the judgment for money paid by Decina to satisfy the judgment.  Counsel for Feldman states that Feldman is exploring options to reopen a Chapter 13 bankruptcy which was discharged on October 11, 1996, and to insert this judgment debt.  Alliance Shippers filed a reply memorandum arguing that, even if some of the payments made by Decina should be credited to Feldman, such payments do not a legal basis to prevent the renewal of the judgment, as "once the judgment is renewed and revived, it is subject to payments made on account thereof."  (ECF No. 77 at 1.)

---

[1] The information subpoena was attached to the certification but the questions were not.

**DISCUSSION**

A.	**Motion to Revive Judgment**

The judgment in favor of Alliance Shippers consists of $80,000 against John Decina, Gary Feldman, Resource Management, Inc., and Environmental Transport, jointly and severally, punitive damages in the amount of $40,000 against John Decina, and punitive damages in the amount of $40,000 against Gary Feldman. The judgment will not expire until February 14, 2016, 20 years after entry on February 14, 1996. Alliance Shippers acknowledges that the judgment has been satisfied in part by payments by Decina of $4,100 in 1998 and $75,000 in April 2015. In addition, the stipulation of settlement signed by Decina and the attorney representing Alliance Shippers states that Alliance Shippers has agreed to settle the $120,000 judgment against Decina for $100,000 (inclusive of the $75,000 Decina paid in April 2015), provided Decina pays the remaining $25,000 by September 10, 2015. Given that the judgment has been satisfied in part, Alliance Shippers is not entitled to revival of the judgment in the full amount ($80,000 jointly and severally against John Decina, Gary Feldman, Resource Management, Inc., and Environmental Transport; $40,000 punitive against Decina; and $40,000 punitive against Feldman). In addition, the $120,000 judgment against Decina will be satisfied in full pursuant to the express terms of the stipulation of settlement if Decina makes the final payment of $25,000 by September 10, 2015. Under these circumstances, and because the amount paid against the judgment is not clear at this point, revival of the judgment eight months before it expires is premature. The unpaid balance will be known well before the judgment is set to expire on February 14, 2016, and Alliance Shippers will remain free to show, after September 10, 2015, that the judgment is valid, subsisting, and remains unpaid in part. See Adamar v. New Jersey, Inc., v. Mason, 399 N.J. Super. 63, 67 (App. Div. 2008); Kronstadt v. Kronstadt, 238 N.J. Super. 614, 618 (App. Div. 1990).

This Court notes the contention of Alliance Shippers that Decina's payments toward the $80,000 joint and several judgment do not provide "a legal reason to prevent the renewal and revival of the judgment [against Feldman].  At most, [such payments] could act as a limitation on the extent of the enforcement of the judgment against [Feldman]." (ECF No. 77 at 1.)  Alliance Shippers provides no legal authority to support this contention.  In the absence of unambiguous legal authority, which authority the Court's independent research has not revealed, the Court is not prepared to revive a judgment in the amount of $120,000 against Feldman or Decina when the original judgment has been satisfied in part by payments from Decina.  This Court's research indicates that, at a minimum, Feldman is entitled to receive credit, prior to revival, against the $80,000 joint and several judgment for Decina's payments in excess of the punitive damages award against Decina.[2]  And if Decina were to comply with the stipulation of settlement by paying $25,000 by September 10, 2015, then the $80,000 joint and several judgment would appear to be satisfied in full by virtue of the settlement, to the effect that the only judgment subject to revival would be the punitive damages judgment of $40,000 against Feldman.[3]

---

[2] New Jersey "follows the general rule that a claimant is entitled to only one satisfaction, and that a satisfaction of a judgment against one tort-feasor bars suit against another." Williams v. Ocean Transport Lines, Inc., 425 F.2d 1183, 1191 (3d Cir. 1970) (citing Theobald v. Kenney's Suburban House, Inc., 48 N.J. 203, 206-207 (1966)); see also Zukowitz v. Halperin, 360 N.J. Super. 69, 74 (App. Div. 2003) (observing that plaintiff asserting a negligence claim against building superintendent for a dog bite and vicarious liability claim against landlord "is permitted only one full recovery").  Accordingly, where persons are jointly and severally liable under a single judgment, "[a]ny consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss." Restatement (Second) of Judgments § 50.  "The rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the amount of the loss has been adjudicated.  The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be." Id., comment (d).

[3] As explained above, the stipulation of settlement states that Alliance Shippers has agreed to settle the $120,000 judgment against Decina (consisting of an $80,000 joint and several judgment against

**B.     Motion to Compel Discovery**

Relying on Rule 69(a)(2) of the Federal Rules of Civil Procedure and New Jersey Court Rule 4:59-1, Alliance Shippers filed a motion to enforce litigant's rights seeking an order compelling Feldman to answer the questions attached to an information subpoena served on Feldman's attorney by email dated April 6, 2015, "or be held in contempt of Court," (ECF No. 74 at 1), as counsel for Alliance Shippers avers that Feldman did not answer the questions.

Fed. R. Civ. P. 4:69(a)(2) provides:  "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located."  New Jersey Court Rule 4:59-1(f) provides in relevant part:

> In aid of the judgment or execution, the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or the judgment creditor may proceed as provided by R. 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by R. 1:5-2 for service on a party.  The court may make any appropriate order in aid of execution.

N.J. Ct. R. 4:59-1(f).

New Jersey Court Rule 1:5-2 provides that "[s]ervice upon a party . . . shall be made as provided in R. 4:4-4 or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address."  N.J. Ct. R. 1:5-2.  New Jersey Court Rule 4:4-4 provides for service upon a person over the age of 14 "by delivering a copy of the [document] to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing

---

Decina and Feldman and a $40,000 punitive judgment against Decina) for the sum of $100,000, to be paid in full by September 10, 2015.  "The one satisfaction rule applies to settlements as well as to satisfaction of judgments." Williams, 425 F.3d at 1191.

therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf." N.J. Ct. R. 4:4-4(a)(1).

New Jersey Court Rule 6:7-2(b) provides that an information subpoena, accompanied by written questions in the form and limited to those set forth in Appendix XI-L, may be served upon the judgment debtor without leave of court and that the original subpoena, with the answers to the written questions annexed thereto shall be returned to the judgment creditor's attorney within 14 days after service. See N.J. Ct. R. 6:7-2(b).

In this case, the motion to enforce litigant's rights filed by Alliance Shippers does not comply with New Jersey Court Rules in two respects. First, Alliance Shippers did not comply with Rules 4:59-1(f) and 1:5-2 by serving the information subpoena upon Feldman either by effecting personal service in accordance with Rule 4:4-4(a)(1) or by serving it by registered or certified mail, return receipt requested, and simultaneously by ordinary mail. Instead, the certification of Alliance Shippers' counsel states that counsel served the information subpoena by email upon the attorney for Feldman. Second, New Jersey Court Rule 6:7-2(b) limits the form and substance of the questions attached to an information subpoena to those set forth in Appendix XI-L of the New Jersey Court Rules, see N.J. Ct. R. 6:7-2(b), but Alliance Shippers has not established that the questions attached to the information subpoena were limited to the 17 questions for individuals set forth in Appendix XI-L of the New Jersey Court Rules. Given the failure of Alliance Shippers to establish compliance with New Jersey court rules governing post-judgment discovery, this Court will not grant its motion seeking to enforce litigant's rights by compelling Feldman to answer the unknown questions on pain of contempt.

## **CONCLUSION**

This Court will deny the motion to revive the judgment without prejudice, deny the motion to enforce litigant's rights, and enter an appropriate order.

 s/Dickinson R. Debevoise  
**DICKINSON R. DEBEVOISE**  
**U.S.S.D.J.**

Dated:  June 12, 2015