**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CONSOLIDATED RAIL CORPORATION, | : | |
| Plaintiff, | : | Civ. Action No. 93-1327 (JBS) |
| v. | : | **O P I N I O N** |
| ALLIANCE SHIPPERS, INC., | : | |
| Defendant. | : | |

**APPEARANCES:**

RONALD HOROWITZ, ESQ.
2561 Moody Blvd., Suite D
Flagler Beach, FL 32136
        *Attorney for Third Party Plaintiff, Alliance Shippers, Inc.*

JOHN DECINA
889 Gregory Drive
Brick, NJ  08723
        *Third Party Defendant Pro Se*

JOSEPH PETER HOWARD, ESQ.
1101 Kings Highway N., Suite 402
Cherry Hill, NJ  08034
        *Attorney for Third Party Defendant, Gary A. Feldman*

HYUNDAI CAPITAL AMERICA, INC.
3161 Michelson Drive, Suite 1900
Irvine, CA 92612

JOSEPH P. HOWARD, ESQ.
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
        *Attorney for Non-Party, Ruth Feldman*

**SIMANDLE, Chief Judge:**

Presently before the Court are (1) an application by Third Party Plaintiff Alliance Shippers, Inc., for a wage execution against the earnings of Third Party Defendant Gary Feldman at a shoe store; (2) a motion filed by Alliance Shippers for an order adjudicating that non-party Hyundai Capital America, Inc., located in California, has violated the rights of Alliance Shippers by failing to comply with a subpoena duces tecum commanding Hyundai Capital America, Inc., to give testimony in Florida and to produce documents related to the leasing or financing of a 2015 Kia Sorento vehicle by Third Party Defendant Gary A. Feldman; and (3) a motion filed by Alliance Shippers for an order adjudicating that non-party Ruth Feldman has violated its rights by failing to appear for a deposition.  This Court will deny the motions and the application for failure to comply with Local Civil Rule 7.1(d).

## I.  BACKGROUND

On February 14, 1996, the late Dickinson R. Debevoise entered a judgment in favor of Third Party Plaintiff Alliance Shippers, Inc., in the sum of $80,000, jointly and severally, against Third party Defendants John Decina and Gary Feldman, as well as Resource Management, Inc., and Environmental Transport, together with punitive damages in the amount of $40,000 against John Decina and punitive damages in the amount of $40,000 against Gary Feldman.  On August 25, 1998, a partial satisfaction of judgment in the sum of $4,100 and release of lien from certain real property was entered as to John Decina.

On March 5, 2015, Alliance Shippers filed its first motion for an order renewing and reviving the judgment, accompanied by a certification of Ronald Horowitz, counsel for Alliance Shippers, and a letter memorandum.  (ECF No. 70.)  Relying on 28 U.S.C. § 1962 and N.J. Stat. Ann. § 2A:18-44, Alliance Shippers asked this Court to revive and renew the judgment in the sum

of $120,000 on the grounds that the 20-year limitations period for reviving the judgment had not expired, unspecified good cause existed for reviving and renewing the judgment at issue, and the judgment debtors - John Decina and Gary Feldman - had notice of the motion to renew and revive the judgment. By Order and Opinion entered on April 17, 2015, Judge Debevoise denied the motion without prejudice because Alliance Shippers failed to prove the unpaid balance, failed to account for the partial satisfaction and the release with respect to Decina's property, and failed to show that there was no outstanding impediment to judicial enforcement, as required by New Jersey law. (ECF Nos. 72, 73.)

On April 30, 2015, Alliance Shippers filed a motion to enforce litigants rights seeking an order compelling Feldman to immediately furnish the answers to questions allegedly attached to an information subpoena or be held in contempt of Court. On May 4, 2015, Alliance Shippers filed a second motion to renew and revive a judgment in the sum of $120,000 against John Decina and a judgment in the sum of $120,000 against Gary Feldman. By Order and accompanying Opinion entered on June 12, 2015, Judge Debevoise denied both motions. (ECF Nos. 79, 80.) Judge Debevoise found that the motion to enforce litigant's rights failed to comply with New Jersey Court Rules 4:59-1(f) and 1:5-2 because Alliance Shippers did not serve the subpoena upon Third Party Defendant Feldman personally in accordance with New Jersey Court Rule 4:4-4(a)(1) or by simultaneously mailing it by registered or certified mail, return receipt requested, and regular mail. In addition, Judge Debevoise determined that Alliance Shippers failed to establish that the questions attached to the information subpoena were limited to the 17 questions for individuals, as required by New Jersey Court Rule 6:7-2(b).

Judge Debevoise denied the second motion to revive a judgment for several reasons. First, Judge Debevoise found that, because Decina and Feldman were jointly and severally liable on the

$80,000 judgment and New Jersey "follows the general rule that a claimant is entitled to only one satisfaction," Williams v. Ocean Transport Lines, Inc., 425 F.2d 1183, 1191 (3d Cir. 1970) (citing Theobald v. Kenney's Suburban House, Inc., 48 N.J. 203, 206-207 (1966)), renewal of a judgment in the sum of $120,000 against each Third Party Defendant would be improper because it would permit Alliance Shippers to collect the $80,000 twice.  Second, Judge Debevoise found that Alliance Shippers improperly failed to credit the money paid against the $80,000 joint and several judgment by Decina.  Third, Judge Debevoise noted that, if Decina complied with a stipulation of settlement it had entered into with Alliance Shippers by paying $25,000 to Alliance Shippers by September 10, 2015, then the $80,000 joint and several judgment against Decina and Feldman would be satisfied in full in accordance with the terms of the settlement and would not be subject to renewal.[1]  See Williams v. Ocean Transport Lines, Inc., 425 F.2d 1183, 1191 (3d Cir. 1970) ("[New Jersey's] one satisfaction rule applies to settlements as well as to satisfaction of judgments.")  For these reasons and because the 1996 judgment would not expire until February 14, 2016, Judge Debevoise denied the second motion to revive the judgment.

---

[1] On March 31, 2015, Alliance Shippers and John Decina executed a stipulation of settlement.  The stipulation of settlement states that on February 14, 1996, Alliance Shippers obtained a judgment against John Decina in the principal sum of $120,000; "the parties have agreed on certain terms and conditions to satisfy the said judgment;" and, "for good and valuable consideration, hereby exchanged, the parties agree to settle the judgment for $100,000," provided Decina paid $75,000 on or before March 30, 2015, and $25,000 by September 10, 2015.  (ECF No. 75-3 at 9.)  The stipulation further states that Alliance Shippers will release its judgment lien from Decina's principal residence located in New Jersey, provided Decina makes the second payment; Decina consents to Alliance domesticating and recording the judgment in the appropriate court in Florida, such that the judgment will act as a judgment lien on Decina's property in Florida; Decina will not challenge the Florida judgment lien; and, in the event Decina fails to pay the $100,000 in accordance with the terms of the settlement, Alliance Shippers "can resume execution proceedings in New Jersey on the entire judgment less payments made[.]" Id. at 10.  Decina paid $75,000 on or about April 2, 2015.

Alliance Shippers has now filed (1) an "application for wage execution" against the wages of Gary Feldman, (ECF No. 78); (2) a motion to enforce its rights by finding Hyundai America, Inc., a non-party corporation located in California, in contempt; and (3) a motion for an order adjudicating that non-party Ruth Feldman has violated its rights by failing to appear for a deposition, directing Ruth Feldman to appear at another deposition or be held in contempt, and imposing sanctions against Ruth Feldman.

In the application for a wage execution, Alliance Shippers seeks a writ of execution against the wages of Gary Feldman at Discount Shoe Source, Inc., to be effective until Feldman pays $182,019.70 ($120,000 judgment plus $62,019.70 in interest).[2] This motion is supported by the certification of Ronald Horowitz, attorney for Alliance Shippers. Horowitz inaccurately avers that there "is still due on said judgment [against Gary A. Feldman] $120,000, plus interest of $62,019.70." (ECF No. 78-2 at 1.)

In the first motion to enforce litigant's rights, Alliance Shippers seeks an order "adjudicating that non-party, Hyundai Capital America, Inc., has violated the litigant's rights of the Defendant/Judgment Creditor by failing to comply with a duly-served Subpoena Duces Tecum and for an [o]rder compelling non-party, Hyundai Capital America, Inc., to immediately furnish the answers as required by the Subpoena Duces Tecum, or be held in contempt of Court." (ECF No. 81 at 1.) Attached to the motion is a certification of Ronald Horowitz averring: (1) the motion was served on Hyundai Capital America by certified and regular mail on August 17, 2015; (2) a judgment against Gary Feldman entered in this Court on February 14, 1996, in the sum of $120,000, "is totally unsatisfied;" (3) "Alliance obtained certain financial records of Feldman

---

[2] Alliance Shippers has again failed to credit the money paid by Decina against the $80,000 joint and several judgment.

disclosing that Hyundai had possession of important financial documents concerning Feldman." (ECF No. 81-2.)  Also attached to the motion is a subpoena duces tecum addressed to Hyundai Capital America which directs Hyundai to appear and give testimony at the office of Ronald Horowitz in Florida and to bring "[a]ll documents submitted by or on behalf of Gary Alan Feldman . . . in connection with a certain lease/financing agreement for h is 2015 Kia Sorento, vehicle . . . including, but not limited to, financial statements, credit/loan applications, income tax returns, correspondence, memoranda, e-mails, bank account statements, copies of checks/wire transfers, etc."  (ECF No. 81-3.)   The attached proposed form of order states:  "[I]f Hyundai Capital America, Inc., fails to comply with the Subpoena Duces Tecum within ten (10) days of service or mailing of this Order, non-party, Hyundai Capital America, Inc., shall be held in contempt of Court and a warrant for arrest shall issue."  (ECF No. 8-4.)

In the second motion to enforce litigant's rights, Alliance seeks orders (1) adjudicating that non-party Ruth Feldman has violated its rights by failing to comply with a subpoena to testify at a deposition; (2) compelling Ruth Feldman to appear for a deposition on October 16, 2015, on pain of issuance of a warrant for her arrest; and (2) imposing sanctions of $1,362.11.  (ECF No. 83-4.)  This motion, like the others, is supported not by a brief, but by the certification of Ronald Horowitz.  Mr. Horowitz now avers that Gary Feldman testified at a deposition on August 6, 2015, that "he is employed by his wife's company, Discount Shoe Source, [ ] that she handles all bookkeeping and banking of both the company and their household[, and] that there were no assets in his name."  (ECF No. 83-4 at 1-2.)  Horowitz further avers that, although Ruth Feldman was personally served with a subpoena to testify on September 1, 2015, at a deposition, the day before the deposition, the attorney representing Ruth Feldman notified Horowitz that she "would not be appearing for the subpoenaed deposition because 'it was the first day of school.'"  Id. at 2.

6

Horowitz states that he then informed counsel by letter that, "if his client were to not appear for the subpoenaed deposition, [Horowitz] would move to hold her in contempt and seek sanctions." Id. Although Horowitz knew that Ruth Feldman would not appear, Horowitz traveled to the deposition and appeared there with a court reporter who charged him $115.50.

Gary and Ruth Feldman filed opposition to the second motion to enforce litigant's rights. (ECF No. 84-2.) Joseph P. Howard, counsel for the Feldmans avers that Mr. Horowitz knew since Gary Feldman was deposed on August 6, 2015, that Ruth Feldman is employed as a teacher for the State of New Jersey. Howard further avers that Ruth Feldman was served on August 26, 2015, with a subpoena to appear for a deposition on September 1, 2015, at 2:00 p.m. in Freehold, New Jersey. Counsel states that he repeatedly asked Mr. Horowitz to reschedule the deposition of Ruth Feldman for a time later than 2:00 p.m., such as 3:45 p.m., because Mrs. Feldman could not provide adequate notice to her employer to take time off during the first week of school, but Mr. Horowitz refused to reschedule the time of the deposition.

## II. DISCUSSION

Rule 7 of the Federal Rules of Civil Procedure provides that "[a] request for a court order must be made by motion [which] must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). Local Civil Rule 7.1(d)(1) provides that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2 . . . are filed with the Clerk at least 24 days prior to the noticed motion day." L.Civ.R. 7.1(d)(1). Local Civil Rule 7.1(d)(4) states: "In lieu of filing any brief . . , a party may file a statement that no brief is necessary and the reasons therefor." L.Civ.R. 7.1(d)(4).

In this case, the application for a writ of execution and the motions for contempt, arrest warrants and sanctions filed by Alliance Shippers are legally deficient.  Contrary to the requirements of Local Civil Rule 7.1(d), neither the application for wage execution nor the motions to enforce litigant's rights were supported by a brief prepared in accordance with Local Civil Rule 7.2 or a statement that no brief is necessary and the reasons therefor.   The Court will, therefore, deny the application and the motions due to the failure of Alliance Shippers to comply with Local Civil Rule 7.1(d).  See Kleinberg v. Clements, Civ. No. 09-4924 (NLH), 2012 WL 1019290 at *9-*10 (D.N.J. Mar. 23, 2012) (denying motion on the ground that it did not include a brief in support of motion or a statement and reasons why no brief is necessary, as required by Local Civil Rule 7.1(d)); Grossberger v. Saldutti, 834 F.Supp.2d 209, 216 (D.N.J. 2011) ("The Court will deny Plaintiff's motion as procedurally defective, as it contains no supporting brief or statement in lieu of brief, as required under Local Civil Rule 7.1(d)(1), (4)."); U.S. Small Business Administration v. Klein, Civ. No. 08-1964 (GEB), 2009 WL 1457119 at *2 (D.N.J. May 26, 2009) (same).

Alliance Shippers is advised that a brief is necessary to support its motions to enforce litigant's rights and its application for a wage execution.  If Alliance Shippers elects to file a motion for contempt or sanctions, then each motion must be accompanied by a brief complying with Local Civil Rule 7.2; that brief must provide legal authority establishing this Court's power to grant each request for relief, including the issuance of an arrest warrant, as well as legal authority for all procedural aspects of the relief sought.  Similarly, if Alliance Shippers elects to again seek an order authorizing a wage execution, it must file a motion, a certification, and a brief setting forth in detail the legal authority for the requested relief, including legal authority for the amount sought to be garnished.  The Court emphasizes that Alliance Shippers has repeatedly failed in its

various applications to credit Feldman for money paid against the $80,000 joint and several judgment by Decina, even after Judge Debevoise determined that a credit is required.

Finally, given that Ronald Horowitz has filed several meritless motions, this Court reminds him that, under Rule 11(b) of the Federal Rules of Civil Procedure, by filing a motion or application for relief an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b)(2). Rule 11(c)(3) authorizes the Court to impose sanctions on its own initiative for violation of Rule 11(b). See, e.g., Kerchner v. Obama, 612 F.3d 204 210 (3d Cir. 2010) (ordering appellants' counsel, pursuant to Fed. R. Civ. P. 11(c)(3), to show cause why he should not pay just damages and costs for having filed a frivolous appeal).

### III.  CONCLUSION

This Court will deny the application for wage execution and the motion to enforce litigant's rights, and enter an appropriate order.

                                               s/ Jerome B. Simandle
                                               **JEROME B. SIMANDLE**
                                               **Chief Judge**

Dated:  **September 24, 2015**